SAUNDERS v. LUCKENBACH CO., Inc.

(Circuit Court of Appeals, Second Circuit. December 10, 1919.)

No. 56.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Drew B. Saunders against the Luckenbach Company, Incorporated. Decree for libelant (262 Fed. 845), and respondent appeals. Affirmed.

Carter & Carter, of New York City (Peter S. Carter, of New York City, of counsel), for appellant.

S. B. Axtell, of New York City (A. Lavenburg, of New York City, of counsel), for appellee.

Before WARD, ROGERS, and MANTON, Circuit Judges.

PER CURIAM. Decree affirmed.

---

DOREMUS v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit. February 17, 1920.)

No. 3412.

1. POISONS ⊛⇒4—KNOWINGLY SELLING NARCOTICS ON PRESCRIPTION ISSUED TO GRATIFY APPETITE VIOLATION OF LAW WHICH PHYSICIAN AIDS AND ABETS.

Notwithstanding Harrison Narcotic Act, § 2 (Comp. St. § 6287h), exception (b), excepting sales of the prohibited drugs on the written prescription of a registered physician, a sale by a druggist, who knows that the prescription was issued to gratify the holder's appetite, and not to cure disease or alleviate suffering, violates the law, and the physician issuing the prescription, knowing it is to be filled by a druggist having such knowledge, aids and abets the violation.

2. POISONS ⊛⇒2—NEGLIGENT FAILURE TO INQUIRE NOT SUFFICIENT TO RENDER DRUGGIST GUILTY FOR FILLING PRESCRIPTION WRONGFULLY ISSUED.

Knowledge by a druggist that a prescription under the Harrison Narcotic Law was issued to gratify the holder's appetite, and not to cure disease or alleviate suffering, is essential to guilt, and negligent failure to inquire will not take the place of knowledge.

3. CRIMINAL LAW ⊛⇒1059(2)—EXCEPTIONS TO CHARGE HELD NOT TO RAISE POINT RELIED ON.

On a trial for aiding and abetting violation of the Harrison Narcotic Law, exceptions to the charge on the ground that there was no evidence of the facts hypothesized by the court in its instruction respecting knowledge, and that knowledge was immaterial when the sale was made on the prescription of a registered physician, did not raise the point, presented on appeal, that the charge authorized conviction, though the druggist had no actual knowledge, if he negligently failed to make inquiry.

4. CRIMINAL LAW ⊛⇒1111(1)—RECORD IS CONTROLLING AS TO REQUEST FOR INSTRUCTION AND FAILURE TO EXCEPT TO MODIFIED INSTRUCTION.

Where the record shows that a charge as modified was given at defendant's request, and that no exception was reserved to the giving of the modified charge, the court is controlled thereby.

---

⊛⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

262 F.—54 *Certiorari denied 252 U. S. —, 40 Sup. Ct. 483, 64 L. Ed. —.